**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10238 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01444-FRZ-LAB-1 |
| v. | |
| IVAN VLADISLAVOVICH BUGAKOV, AKA Ivan Vladislavouich Bugakov, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted July 21, 2016[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Defendant Ivan Bugakov appeals from the district court's judgment and challenges his convictions for knowingly conveying false information regarding an alleged attempt to place a bomb on an airplane and a jet bridge, in violation of 18 U.S.C. §§ 35(a) and 1992(a)(9). Bugakov was found guilty on four counts following a jury trial and sentenced principally to 3 years of probation. On appeal, Bugakov principally argues that a witness's reference at trial to the so-called "underwear bomber," which was immediately struck by the district judge, was so prejudicial as to entitle him to a new trial, and that the evidence cannot sustain his convictions. We affirm.

1. "We review a district court's denial of a motion for a mistrial or new trial for abuse of discretion" and, in circumstances such as these, "will reverse only if, viewing [a witness's] comment in the context of the entire trial, it is more probable than not that [it] materially affected the verdict." *United States v. Dorsey*, 677 F.3d 944, 954 (9th Cir. 2012) (internal quotation marks omitted). We also assume "that jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). On rare occasions, this assumption may be overridden in circumstances "in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton v. United States*, 391

2

U.S. 123, 135 (1968). "Absent such extraordinary situations, however, we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions." *Francis v. Franklin*, 471 U.S. 307, 325 n.9 (1985).

Here, the district court immediately struck Commander Taylor's answer and instructed the jury to disregard it. Commander Taylor did not compare Bugakov personally to the underwear bomber and his comment did not incriminate Bugakov. Nor is this a case in which the Government sought to inflame the jury's emotions or to compromise its judgment. Indeed, the fact that the jury acquitted Bugakov of charges requiring a heightened mens rea undermines Bugakov's argument that the jury was improperly influenced by Taylor's excluded testimony and was incapable of taking an objective view of the evidence. *See, e.g.*, *United States v. de Cruz*, 82 F.3d 856, 863 (9th Cir. 1996) (denying appeal based on allegedly improper prosecutorial comment in part because "the fact that the jury acquitted defendant of one of the charges against her indicates that the jury was able to weigh the evidence without prejudice"). We hold there is no reasonable basis on which to conclude that Taylor's single, passing reference "materially affected the verdict" or improperly swayed the jury, let alone that the district court abused its discretion in denying Bugakov a new trial.

3

2.  Bugakov also argues that his conviction cannot stand because 18 U.S.C. § 1992 is an anti-terrorism statute that does not apply to hoaxes and because he lacked the requisite intent to violate the statute.  We do not agree and find that the plain language of the statute forecloses Bugakov's arguments.  The statute says nothing about requiring that the "false information" concern an "actual" attempt or an "actual" alleged attempt to violate § 1992(a) – as Bugakov claims is required – as opposed to a fabricated one.  In fact, in making it a crime to convey false information concerning an "alleged attempt" to violate § 1992(a), the statute effectively says exactly the opposite.  We find it is equally clear that the mens rea required to violate § 1992(a)(9) is not the mens rea required to violate § 1992(a)(2) or § 1992(a)(4)(B), but rather knowledge that the information conveyed is false.[1]  Because the text of the statute is clear, our inquiry ends there.

We have considered the defendant's remaining arguments and find them to be unpersuasive.  The judgment of the district court is therefore AFFIRMED.

---

[1] Bugakov's contention that he was convicted of violating § 1992(a)(2) and (a)(4)(B) is mistaken.  The superseding indictment and judgment reference those provisions because, in order to be convicted under § 1992(a)(9) and § 35, one must convey false information concerning an attempt or alleged attempt to engage in a specified underlying violation – here of § 1992(a)(2) and (a)(4)(B).